## Joseph Jennings, Plff. in Err., v. Gibson Longdon et al.

Evidence examined and held insufficient to establish a resulting trust in favor of the wife of the grantee of land; or to show sufficient fraud to avail a subsequent grantee of the wife in ejectment against a purchaser at an assignee's sale, the wife having joined in the deed of assignment for creditors.

(Argued October 6, 1887.  Decided October 25, 1887.)

October Term, 1887, No. 59, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas of Greene County from judgment for defendants in ejectment.   Affirmed.

This was an action of ejectment by Joseph Jennings, grantee of his father and mother, Silas and Maria, against Gibson Longdon and Stephen Breese.

In 1862 Silas Jennings purchased land from one Day for $1,800 and sold the same in 1868 for $3,200, his wife joining in the deed; about the same time he purchased, for $4,000, another piece of land, containing 96 acres, from one Clutter, who conveyed the same to said Silas Jennings, by deed dated September 30, 1868.

Subsequently Silas Jennings sold 34 acres of the last-mentioned land to one Dunn for $1,408.50, his wife also joining in this deed, and the remaining 62 acres thereof is the land claimed in this ejectment.

In order to secure to Clutter a portion of the purchase money Silas Jennings gave him a judgment note, which was filed as a lien and subsequently satisfied, the money for the payment thereof being borrowed by Jennings and a judgment note therefor made to Hindman Andrews, which note was entered of record and became a first lien on the land in suit.

On December 26, 1877, Silas Jennings and his wife executed an assignment for the benefit of creditors to said Hindman

NOTE.—For the payment of money sufficient to raise a resulting trust, see note to Longdon v. Clouse, 1 Sad. Rep. 178.   For the proof of the trust and the enforcement of rights thereunder, see note to Ackley v. Ackley, 1 Sad. Rep. 138.

For authorities as to establishment of resulting trust by parol evidence, see editorial note to Hinton v. Pritchard, 10 L. R. A. 401.

Andrews, and under the act of 1876 the land in suit was sold to Gibson Longdon and the sale duly confirmed on January 21, 1879. Longdon conveyed the same to the heirs of Hindman Andrews on December 27, 1884.

Silas Jennings and his wife, in the right of the wife, brought ejectment August 1, 1881; but suffered a voluntary nonsuit February 19, 1883.

Silas Jennings and wife on November 27, 1884, conveyed the land in suit to their son Joseph Jennings, who brought this action of ejectment December 5, 1884.

It was claimed that the voluntary nonsuit was suffered, the conveyance made to the son and suit brought by him because Andrews, who was defendant in the first suit, died February 19, 1883, and the object was to enable Silas Jennings and his wife to become competent witnesses.

The evidence for plaintiff tended to show there was paid of the purchase money for the first land $800 belonging to Maria Jennings, upon the understanding that she was to have a proportional interest in the land; that there was paid of the purchase money for the second land $500 belonging to her upon a similar understanding, and that the proceeds of the sale of the first land were used to pay for the second land upon a similar understanding; that Silas Jennings appropriated to his own use the proceeds of the sale of the 34 acres, part of the second land, and that of the money paid for the remaining 62 acres, here in suit, Silas Jennings has paid $1,300, and his wife $1,300.

That Gibson Longdon was a brother of Maria Jennings and represented that he was not interested in the judgment held by Hindman Andrews, whereas, in fact he was a part owner thereof; that Gibson Longdon, concealing his interest in the judgment, induced Silas Jennings to make a judgment note to his wife for her money so invested in the land, and induced Silas Jennings and Maria to make the assignment; that these facts were known to defendants. That the land sold for $26 an acre, an inadequate price, insufficient to pay Maria's judgment, and that Maria Jennings did not discover the fraud until July, 1881, shortly before the bringing of the first ejectment.

On the part of defendants it was contended that the evidence failed to disclose a clear understanding that Maria was to have any interest in the land or that any fraud had been practised; that Maria voluntarily joined in the several conveyances and

made no objection to the assignee's sale or the confirmation thereof.

The court refused several requests to charge on behalf of plaintiff and directed the jury to find for defendants.

The jury returned a verdict for defendants, and from judgment thereon plaintiff brought this writ, assigning as error the above action of the court.

*Purman & Wyly* and *Buchanan & Walton,* for plaintiff in error.—The plaintiff's action was not barred by the act of April 22, 1856, because the fraud was not discovered until recently. Maul v. Rider, 59 Pa. 167.

The evidence sufficiently showed a resulting trust.

*Chas. A. Black, R. W. Downey,* and *J. D. Braden,* for defendants in error.—The evidence should be clear to establish a resulting trust. Dyer v. Dyer, 1 White & T. Lead. Cas. in Eq. 273; Strimpfler v. Roberts, 18 Pa. 298, 57 Am. Dec. 606; Jackman v. Ringland, 4 Watts & S. 150; Smith v. Smith, 27 Pa. 180; Sharp v. Long, 28 Pa. 434; Sample v. Coulson, 9 Watts & S. 62.

Payments in common, uncertain in amount, will not raise a resulting trust. Baker v. Vining, 30 Me. 121, 50 Am. Dec. 617.

The money must be paid as an aliquot part. Sayre v. Townsend, 15 Wend. 647; White v. Carpenter, 2 Paige, 238; Re Evans, 2 Ashm. (Pa.) 470; Bispham, Eq. 93.

A subsequent payment will not raise a resulting trust. Barnet v. Dougherty, 32 Pa. 371.

The evidence showed rather a secret trust, void under act of April 22, 1856.

The assignment of the subject-matter of the suit, made for the sole purpose, as is now admitted in the argument of the other side, of enabling Jennings and wife to testify, was colorable, and their testimony should not have been admitted. Post v. Avery, 5 Watts & S. 509; Graves v. Griffin, 19 Pa. 176; Arthurs v. King, 84 Pa. 530, 531.

There was no evidence of fraud and the action is barred. Workman v. Guthrie, 29 Pa. 513, 72 Am. Dec. 654; Harris v. Dennis, 1 Serg. & R. 236.

One who stands by and sees his property sold at sheriff's sale

as the property of another, without giving notice of his title, will thereby be deprived from asserting his title against the purchaser. Epley v. Witherow, 7 Watts, 163.

The general rule may be that estoppel *in pais* does not apply to a married woman, but the rule has many exceptions. Powell's Appeal, 98 Pa. 413; McCullough v. Wilson, 21 Pa. 442.

PER CURIAM:

We have examined both the argument of the learned counsel for the plaintiff, and also the evidence submitted to us, with care; and from that examination we have come to the conclusion that there is nothing in the case which requires a reversal. The evidence to establish a resulting trust fails of its purpose, and even if such trust were established in Mrs. Jennings she was too late in asserting it. Neither can we see that she was defrauded in the deed of assignment. The principal halt in the matter seems to be that the property did not sell for enough to satisfy her judgment against her husband; had it been otherwise we should doubtless never have heard of this case.

The judgment is affirmed.